DAVID J. VAN HAVERMAAT (Cal. Bar No. 175761)
Email: vanhavermaatd@sec.gov
JENNIFER T. CALABRESE (Cal. Bar No. 247976)
Email: calabresej@sec.gov

Attorneys for Plaintiff
Securities and Exchange Commission
Michele Wein Layne, Regional Director
Alka Patel, Associate Regional Director
Amy J. Longo, Regional Trial Counsel
444 South Flower Street, 9th Floor
Los Angeles, California 90071
Telephone: (323) 965-3998
Facsimile: (213) 443-1904

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>CANNAVEST CORP. a/k/a/ CV SCIENCES, INC. and MICHAEL J. MONA, JR.,<br><br>Defendants. | Case No. CV-17-01681-APG-PAL<br><br>**FINAL JUDGMENT AS TO DEFENDANT MICHAEL J. MONA, JR.** |

The Securities and Exchange Commission ("SEC" or "Commission") having filed a Complaint and Defendant Michael J. Mona, Jr. ("Mona" or "Defendant") having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction and except as otherwise provided herein in paragraph XIV); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

## I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a) to employ any device, scheme, or artifice to defraud;

(b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

**II.**

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from, directly or indirectly, controlling any person who violates Section 13(a) of the Exchange Act, 15 U.S.C. § 78m(a), and Rules 12b-20 and 13a-13 thereunder, 17 C.F.R. §§ 240.12b-20 and 240.13a-13, by knowingly providing substantial assistance to any issuer that files any quarterly report with the SEC on Form 10-Q that fails to contain such material information as may be necessary to make the required statements in the Form 10-Q, in the light of the circumstances under which they are made, not misleading.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

**III.**

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from, directly or indirectly, controlling any person who violates Sections 13(b)(2)(A) or 13(b)(2)(B) of the Exchange Act, 15 U.S.C. §§ 78m(b)(2)(A) and 78m(b)(2)(B), by:

(a) failing to make and keep books, records, and accounts which, in reasonable detail, accurately and fairly reflect the transactions and dispositions of assets of an issuer; or

(b) failing to devise and maintain a system of internal accounting controls sufficient to provide reasonable assurances that: (1) transactions are executed in accordance with management's general or specific authorization; (2) transactions are recorded as necessary (i) to permit preparation of financial statements in conformity with generally accepted accounting principles

|   |   |
|---|---|
| 1 | (GAAP) or any other criteria applicable to such statements and (ii) to maintain |
| 2 | accountability for assets; (3) access to assets is permitted only in accordance |
| 3 | with management's general or specific authorization; and (4) the recorded |
| 4 | accountability for assets is compared with the existing assets at reasonable |
| 5 | intervals and appropriate action is taken with respect to any differences. |
| 6 | IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as |
| 7 | provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also |
| 8 | binds the following who receive actual notice of this Final Judgment by personal |
| 9 | service or otherwise: (a) Defendant's officers, agents, servants, employees, and |
| 10 | attorneys; and (b) other persons in active concert or participation with Defendant or |
| 11 | with anyone described in (a). |
| 12 | **IV.** |
| 13 | IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that |
| 14 | Defendant is permanently restrained and enjoined from violating Section 13(b)(5) of |
| 15 | the Exchange Act, 15 U.S.C. § 78m(b)(5), by knowingly circumventing or knowingly |
| 16 | failing to implement a system of internal accounting controls, or by knowingly |
| 17 | falsifying any book, record or account required to be kept by Section 13(b)(2)(A) of |
| 18 | the Exchange Act, 15 U.S.C. § 78m(b)(2)(A), in order to, in reasonable detail, |
| 19 | accurately and fairly reflect the transactions and dispositions of the assets of the |
| 20 | issuer. |
| 21 | IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as |
| 22 | provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also |
| 23 | binds the following who receive actual notice of this Final Judgment by personal |
| 24 | service or otherwise: (a) Defendant's officers, agents, servants, employees, and |
| 25 | attorneys; and (b) other persons in active concert or participation with Defendant or |
| 26 | with anyone described in (a). |
| 27 | |
| 28 | |

## V.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating Rule 13b2-1 of the Exchange Act, 17 C.F.R. § 240.13b2-1, by, directly or indirectly, falsifying or causing to be falsified, any book, record, or account subject to Section 13(b)(2)(A) of the Exchange Act, 15 U.S.C. § 78m(b)(2)(A).

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## VI.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED, that Defendant is permanently restrained and enjoined from violating, directly or indirectly, Rule 13b2-2 of the Exchange Act, 17 C.F.R. § 240.13b2-2, while an officer or director of an issuer by:

(a) making or causing to be made a materially false or misleading statement; or

(b) omitting to state, or causing another person to omit to state, any material fact necessary in order to make statements made, in light of the circumstances under which such statements are made, not misleading, to an accountant in connection with:

(i) any audit, review or examination of the financial statements of the issuer required to be made, or

(ii) the preparation or filing of any document or report required to be filed with the Commission.

4

1     IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## VII.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating Rule 13a-14 under the Exchange Act, 17 C.F.R. § 240.13a-14, by falsely certifying that any periodic report filed with the SEC on Forms 10-K or 10-Q fully complies with the requirements of the Exchange Act and fairly presents, in all material respects, the financial condition and results of operations of the company.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## VIII.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating, directly or indirectly, Section 304(a) of the Sarbanes-Oxley Act of 2002, 15 U.S.C. § 7243, by failing to reimburse an issuer for any bonus or other incentive-based compensation and any profits realized from the sale of the issuer's securities during the 12-month period following the first public issuance or filing with the SEC of any financial document, for which an issuer is required to prepare an accounting restatement due to the material noncompliance of the issuer, as a result of misconduct, with any financial

reporting requirement under the securities laws.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## IX.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, pursuant to Section 21(d)(2) of the Exchange Act,15 U.S.C. § 78u(d)(2), Defendant is prohibited, for five years following the date of entry of this Final Judgment, from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act, 15 U.S.C. § 78l, or that is required to file reports pursuant to Section 15(d) of the Exchange Act, 15 U.S.C. § 78o(d).

## X.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant shall pay a civil penalty in the amount of $40,000 to the Securities and Exchange Commission pursuant to Section 21(d)(3) of the Exchange Act, 15 U.S.C. § 78u(d)(3). Defendants shall make this payment pursuant to the terms of the payment schedule set forth in paragraph XI below after entry of this Final Judgment.

Defendant may transmit payment electronically to the SEC, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Defendant may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

    Enterprise Services Center

    Accounts Receivable Branch

|   |   |
|---|---|
| 1 | 6500 South MacArthur Boulevard |
| 2 | Oklahoma City, OK 73169 |

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Mona as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the SEC's counsel in this action. By making these payments, Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant. The SEC shall send the funds paid pursuant to this Final Judgment to the United States Treasury. Defendant shall pay post-judgment interest on any delinquent amounts pursuant to 28 USC § 1961.

## XI.

Defendant shall pay the penalty due of $40,000 in 12 installments to the SEC according to the following schedule: (1) $3,333.33 within 30 days of entry of this Final Judgment; (2) $3,333.33 within 60 days of entry of this Final Judgment; (3) $3,333.33 within 90 days of entry of this Final Judgment; (4) $3,333.33 within 120 days of entry of this Final Judgment; (5) $3,333.33 within 150 days of entry of this Final Judgment; (6) $3,333.33 within 180 days of entry of this Final Judgment; (7) $3,333.33 within 210 days of entry of this Final Judgment; (8) $3,333.33 within 240 days of entry of this Final Judgment; (9) $3,333.33 within 270 days of entry of this Final Judgment; (10) $3,333.33 within 300 days of entry of this Final Judgment; (11) $3,333.33 within 330 days of entry of this Final Judgment; and (12) $3,333.37 within 360 days of entry of this Final Judgment. Payments shall be deemed made on the date they are received by the SEC and shall be applied first to post-judgment interest, which accrues pursuant to 28 U.S.C. §1961 on any unpaid amounts due after 14 days of the entry of Final Judgment. Prior to making the final payment set forth herein, Mona shall contact the staff of the SEC for the amount due for the final payment. If

Mona fails to make any payment by the date agreed and/or in the amount agreed according to the schedule set forth above, all outstanding payments under this Final Judgment, including post-judgment interest, minus any payments made, shall become due and payable immediately at the discretion of the staff of the SEC without further application to the Court.

## XII.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that defendant Mona shall reimburse CannaVEST Corp. ("CannaVEST") the amount of $10,000 pursuant to Section 304(a) of the Sarbanes-Oxley Act of 2002, 15 U.S.C. § 7243(a). Defendant Mona shall satisfy this disgorgement obligation by paying CannaVEST in twelve monthly installments according to the following schedule: (1) $833.33 within 30 days of entry of this Final Judgment; (2) $833.33 within 60 days of entry of this Final Judgment; (3) $833.33 within 90 days of entry of this Final Judgment; (4) $833.33 within 120 days of entry of this Final Judgment; (5) $833.33 within 150 days of entry of this Final Judgment; (6) $833.33 within 180 days of entry of this Final Judgment; (7) $833.33 within 210 days of entry of this Final Judgment; (8) $833.33 within 240 days of entry of this Final Judgment; (9) $833.33 within 270 days of entry of this Final Judgment; (10) $833.33 within 300 days of entry of this Final Judgment; (11) $833.33 within 330 days of entry of this Final Judgment; and (12) $833.37 within 360 days of entry of this Final Judgment. Defendant may transmit payment electronically to CannaVEST, which will provide detailed ACH transfer/Fedwire instructions upon request. All payments to CannaVEST shall be accompanied by a letter identifying Mona as a defendant in this action; setting forth the title and civil action number of this actions and the name of this Court; and specifying that payment is made pursuant to this Final Judgment. Defendant shall simultaneously transmit photocopies of such payment and letter to the SEC's counsel in this action. By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds, and Defendant shall not seek or

accept, directly or indirectly, reimbursement or indemnification from any source, including but not limited to payment made pursuant to any insurance policy, with regard to the reimbursement amount that Defendant pays pursuant to the Final Judgment.  If Defendant fails to make any payment by the date agreed and/or in the amount agreed according to the schedule set forth above, all outstanding payments under this Final Judgment, including post-judgment interest, minus any payments made, shall become due and payable immediately at the discretion of the staff of the Commission without further application to the Court.

## XIII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent of Michael J. Mona, Jr. to Entry of Final Judgment is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

## XIV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, the allegations in the complaint are true and admitted by Defendant, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under this Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19).

## XV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

## XVI.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated: June 1, 2018

_____
HON. ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE